IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

ISAIAH MARTIN, KIRK KINCAID, and )
ERIK FOUTS, on behalf of themselves and all )
others similarly situated, )
)
)
Plaintiffs, )
) Case No. _____
v. )
)
SAFE HAVEN SECURITY SERVICES, INC. )
)
)
Defendant. )
)

## COMPLAINT FOR DAMAGES
### Collective Action Under The FLSA

COME NOW Plaintiffs Isaiah Martin (hereinafter "Plaintiff Martin"), Kirk Kincaid (hereinafter "Plaintiff Kincaid") and Erik Fouts (hereinafter "Plaintiff Fouts") (hereinafter collectively referred to as "Plaintiffs") on behalf of themselves and a class of others similarly situated, and for their cause of action against Safe Haven Security Services, Inc. (hereinafter referred to as "Defendant") state as follows:

### PRELIMINARY STATEMENT

1. Plaintiffs bring this action against Defendant for unpaid overtime compensation and related penalties and damages. Defendant's primary function is to sell home security systems to homeowners and lessees. Defendant's practice and policy is to deny compensation to its employees for any hours worked above 45 hours in any workweek. Defendant refused to pay employees more than five (5) hours of overtime, despite requiring they work well above 15 hours of overtime each week. As a result, Plaintiffs and all others similarly

1

situated, have not been paid appropriate overtime under the Fair Labor Standards Act ("FLSA").

2. At all times herein pertinent, Defendant's "inside sales representatives" were required to work at least 50 hours per week. However, Defendant has failed to compensate these employees appropriately for this time above and beyond the standard forty-hour work week with a maximum of five (5) hours of overtime per week. Doing so denies such employees compensation for all work performed and is in direct violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (FLSA), which gives rise to wage-related class claims pursuant to Fed. R. Civ. P. 23.

3. Defendant's practices are in direct violation of the FLSA and Plaintiffs seek compensation for work performed, overtime premiums for all overtime work required, suffered, or permitted by Defendant; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## **PARTIES**

4. Plaintiff Martin is a male citizen of the United States, residing in Kansas City, Jackson County, Missouri. Plaintiff Martin worked at Defendant's place of business located in Kansas City, Missouri.

5. Plaintiff Kincaid is a male citizen of the United States, residing in Kansas City, Jackson County, Missouri. Plaintiff Kincaid worked at Defendant's place of business located in Kansas City, Missouri.

6. Plaintiff Fouts is a male citizen of the United States, residing in Gladstone, Clay County, Missouri. Plaintiff Fouts worked at Defendant's place of business located in Kansas City, Missouri.

7. Others similarly situated for the purposes of this collective action also work and/or worked at Defendant's location in Missouri as employees either misclassified as exempt or employees who worked more than 40 hours per week without being appropriately compensated pursuant to the FLSA.

8. Plaintiff Martin was employed by Defendant at their Kansas City location as an inside salesperson from on or about July 24, 2018, until he was terminated in or around October of 2018. During this timeframe, Plaintiff Martin worked as a salesperson and did not manage any employees. Plaintiff Martin's only job was to sell security systems. *See* Exhibit 1, *Declaration of Isaiah Martin*.

9. Plaintiff Kincaid was employed by Defendant at their Kansas City location as an inside salesperson or "relocation agent" from on or about July 9, 2018 until his departure on or about September 24, 2018. During this timeframe, Plaintiff Kincaid worked as a salesperson and did not manage any employees. Plaintiff Kincaid's only job was to sell security systems. *See* Exhibit 2, *Declaration of Kirk Kincaid*.

10. Plaintiff Fouts was employed by Defendant at their Kansas City location as an inside salesperson or "relocation agent" until his departure on or about October 10, 2018. During this timeframe, Plaintiff Fouts worked as a salesperson and did not manage any employees. Plaintiff Fouts's only job was to sell security systems. *See* Exhibit 3, *Declaration of Erik Fouts*.

11. Safe Haven Security Services, Inc. is incorporated in the State of Missouri, registered to do business with the Missouri Secretary of State and is authorized to do business in the state of Missouri.

12. Defendant Safe Haven Services, Inc. is and was at all relevant times a corporation duly organized under the laws of Missouri, was active and in good standing in the state of Missouri, with its registered office located at 520 E. 19th Avenue, North Kansas City, MO 64116.

13. At all relevant times, Defendant Safe Haven Security Services, Inc. employed Plaintiffs.

14. Defendant Safe Haven Security Services, Inc. is an employer within the meaning of the FLSA, 29 U.S.C §§ 201 et seq.

15. Defendant Safe Haven Security Service, Inc. employed Plaintiffs as salespeople out of their place of business in Missouri.

## JURISDICTION AND VENUE

16. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq.

17. The United States District Court for the Western District of Missouri has personal jurisdiction because Defendant conducts business within this District and the acts that give rise to these claims arose in the Western District.

18. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendant has offices, conducts business and can be found in the Western District of Missouri, and the cause of action set forth herein has arisen and occurred, in part, in the Western District of Missouri. Venue is also proper under 29 U.S.C. § 1132(e)(2) because Defendant has substantial business contacts within the Western District of Missouri.

19. At all relevant times, Defendant has been an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed "employee[s]," including the putative representative action Plaintiffs and those

4

persons situated similarly to the Plaintiffs as described herein. At all relevant times, Plaintiffs and the other members of the class were engaged in commerce and/or worked for Defendant, which is an enterprise engaged in commerce. Defendant is engaged in interstate commerce because it sells security systems throughout the United States and across state lines. Moreover, Defendant has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling or otherwise working on good or materials that have been moved in or produced for commerce. Lastly, Defendant's annual gross volume of sales made or business done is not less than $500,000.00.

## COLLECTIVE ACTION ALLEGATIONS

20. At all times relevant, Defendant Safe Haven Security Services, Inc. was engaged in interstate commerce by selling security systems to customers throughout the United States and across state lines.
21. At all times relevant, Defendant's employees were engaged in commerce in that they were handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by Defendant and/or for Defendant.
22. Defendant's annual gross volume of sales made or business done is not less than $500,000.00.
23. Plaintiffs held the positions of salespeople (also known as "Inside Sales Representatives" or "Relocation Agents" but will hereinafter be referred to as "salespeople").
24. Plaintiffs' primary job duties were to sell security systems to homeowners or lessees.
25. In order to sell security systems, Plaintiffs were required to build relationships with relators in the area. *See* Exhibits 1, 2, and 3.

5

26. Because relators showed houses and worked hours that were not standard 9:00 a.m. to 5:00 p.m., Plaintiffs frequently worked hours outside regular business hours. *See* Exhibits 1, 2, and 3.

27. Plaintiffs' averaged between fifty (50) and sixty (60) work hours per week. *See* Exhibits 1, 2 and 3.

28. The Defendant's policy was to only pay salespeople for 45 hours of work, which included a maximum of five (5) hours of overtime. *See* Exhibits 1, 2, and 3.

29. This overtime policy was explained to each employee during training. *See* Exhibits 1, 2 and 3.

30. Defendant created a culture which ensured that all salespeople knew that only "serious" employees who worked more than 60 hours per week would grow within the company. *See* Exhibits 1, 2, and 3.

31. Defendant trained Plaintiffs to believe that, as salespeople, they were running their "own business" and the more they worked, the more they would earn. *See* Exhibits 1, 2, and 3.

32. Defendant had expectations that Plaintiffs "donate" time worked above 45 hours to ensure their future success. *See* Exhibits 1, 2, and 3.

33. Plaintiffs worked from home on their own personal cell phones and computers. *See* Exhibits 1, 2, and 3.

34. Defendant posted job announcement for salespeople, in pertinent part, is as follows:

    - "Whether you're a fresh college graduate or you've never even been to college, this position allows you to be recognized for your performance and be rewarded financially for your achievements.
    - You must be comfortable making heavy volume calls per day, working with channel partners, generating interest, qualifying prospects, closing sales and achieving goals."

    Responsibilities

- Source new sales opportunities through inbound lead follow-up and outbound cold calls and emails.
- Close sales and achieve weekly/monthly/quarterly quotas

Qualifications

- Proven sales experience, with track record of over-achieving quota
- Strong phone presence and experience with heavy volume of calls per day

*See* Exhibit 4, *Job posting for Inside Sales Representative.*

35. Defendant's salespeople are not required to have any formal education.

36. Salespeople do not supervise other employees.

37. Salespeople do not have a primary duty of the management of the enterprise in which the salespeople are employed.

38. Salespeople do not have the authority to hire and/or fire other employees.

39. Salespeople are not management employees.

40. Salespeople do not serve an administrative role.

41. Salespeople are not customarily or regularly engaged away from Defendant's place or places of business.

42. Salespeople do not make sales at the customer's place of business or at the customer's home.

43. The Salesperson position does not require knowledge of an advanced type in a field of science or learning customarily acquired by prolonged course of specialized intellectual instruction.

44. The Salesperson position does not require invention, imagination, originality or talent in a recognized field or artistic or creative endeavor.

7

45. Salespeople received compensation at a rate of approximately $12.00 per hour and therefore are not "highly compensated employees" as defined in 29 C.F.R. § 541.601.

46. While employed by Defendant, Plaintiffs were not otherwise exempt from the requirements of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, that employees be paid one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a work week.

47. Plaintiffs and other similarly situated employees were required to perform work in excess of forty (40) hours per week as an integral and indispensable part of the principle activities of performing their jobs.

48. Defendant has failed and continues to fail to compensate its employees for this time.

49. Plaintiffs were not properly compensated for this work at the applicable rate of pay.

50. Defendant employs/employed other employees situated similarly to Plaintiffs, who, like Plaintiffs, are/were required to perform work in excess of forty (40) hours per week.

51. Plaintiffs and the other similarly situated employees were improperly compensated under the FLSA. All such other employees are hereinafter referred to as the "similarly situated" or the "putative representative action plaintiffs" or "putative class members."

52. These "similarly situated" employees were not properly compensated for their work at the legal and proper rate of pay, including overtime wages as mandated by the FLSA.

53. The FLSA requires each covered employer, such as Defendant, to compensate all employees for services performed and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week.

8

54. All similarly situated salespeople working for Defendant are similarly situated in that they all are required to perform work in excess of forty (40) hours per week as an integral and indispensable part of the principle activities of performing their job.

55. All similarly situated salespeople are similarly situated in that they are all subject to Defendant's same compensation policies and plan that requires these employees to perform work without compensation as an integral and indispensable part of the principle activities of performing their job. In turn, these practices deny similarly situated salespeople overtime compensation.

56. Plaintiffs bring Count I (FLSA) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging Defendant's practices of systematically failing to pay Plaintiffs and other similarly situated employees for overtime hours worked and/or misclassifying salespeople as exempt. The class for the FLSA claims is defined as: All current and former salespeople employees of Defendant who worked at a Missouri facility and who were not paid adequate overtime compensation at any time during the last three years.

57. Pursuant to 29 U.S.C. § 216(b), FLSA claims may be pursued by those who opt-in to this case.

58. Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Defendant' practice of failing to accurately record hours worked by the Plaintiffs and by other similarly situated employees and Defendant's practice of failing to pay Plaintiffs and other similarly situated employees for all hours worked at a proper, legal rate, including overtime compensation.

The number and identity of other plaintiffs yet to opt-in and consent to be party-plaintiffs may be determined from the records of Defendant, and potential party-plaintiffs may easily and quickly be notified of the pendency of this action.

## COUNT I – FLSA CLAIM

59. Plaintiffs re-allege and incorporate by reference each and every allegation and averment set forth in this Complaint as though fully set forth herein.
60. Plaintiffs were employed by Defendant at Defendant's Kansas City, Missouri facility as salespeople.
61. Salesperson job duties often caused Plaintiffs to work in excess of forty (40) hours per week.
62. Plaintiffs were not properly compensated for this work at the applicable rate of pay.
63. Defendant employs/employed other salespeople like the Plaintiffs at its facility(ies) who are/were required to perform work in excess of forty (40) hours a week. All such employees are hereby referred to as "similarly situated" employees, or "putative class members."
64. Said "similarly situated" salespeople were not properly compensated for overtime work at the applicable rate of pay.
65. The FLSA requires each covered employer, such as Defendant, to compensate all employees for services performed and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week.
66. All similarly situated salespeople are similarly situated in that they are all subject to Defendant's same compensation policies and plan that denies payment for any work done

10

over 40 hours in a workweek and/or misclassifies them as exempt and denies similarly situated facility employees their overtime compensation.

67. Plaintiffs bring this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA, on behalf of all persons who were, are, or will be employed by Defendant as similarly situated salespeople within three years from the commencement of this action who have not been compensated at the proper wage of one and one-half times the regular rate of pay for all services performed in excess of forty (40) hours per week.

68. This Complaint is being brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) of the FLSA for all claims asserted by Plaintiffs because their claims are similar to the claims of the putative class members. *See* Exhibits 5, 6 and 7. *Consent to Join by Isaiah Martin, Kirk Kincaid, and Erik Fouts*, respectively.

69. The names and addresses of the putative class members are available from the Defendant. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques (including a form of notice) similar to those customarily used in representative and collective actions.

70. Defendant failed to compensate Plaintiffs and the putative class members at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week, and therefore, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 207(a)(1).

71. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

72. Plaintiffs, on behalf of themselves and all similarly situated salespeople of Defendant who compose the putative class, seek damages in the amount of all respective unpaid overtime

compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

73. Plaintiffs, on behalf of themselves and all similarly situated employees of Defendant who compose putative class, seek recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, on behalf of themselves and all proposed class members, pray for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed putative class members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to U.S.C. § 216(b);

b. Designation of Plaintiffs as Representative Plaintiffs, acting for and on behalf of the putative class members;

c. An award of damages for heretofore unpaid overtime compensation due for Plaintiffs and the putative representative action Plaintiffs;

d. Liquidated damages, to be paid by Defendant; or

e. Pre-Judgment and Post-Judgment interest, as provided by law; and

f. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

g. Any and all such other and further relief as this Court deems necessary, just and proper.

## DEMAND FOR BENCH TRIAL

Plaintiffs hereby demand a bench trial on all causes of action and claims with respect to which Plaintiffs and all members of the proposed representative action have a right to trial.

## DESIGNATION OF PLACE OF TRIAL

Plaintiffs hereby designate the United States District Court for the District of Kansas at Kansas City as the place of trial.

Respectfully Submitted,

CORNERSTONE LAW FIRM

By: /s/ Marc N. Middleton
Marc N. Middleton     Kan #24458
m.middleton@cornerstonefirm.com
Ryan M. Paulus     D Kan 78276
r.paulus@cornerstonefirm.com
8350 N. St. Clair Ave., Ste. 225
Kansas City, Missouri 64151
Telephone     (816) 581-4040
Facsimile     (816) 741-8889
ATTORNEYS FOR PLAINTIFFS