IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ISAIAH MARTIN, et al., o/b/o themselves and all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 19-00063-CV-W-ODS |
| vs. | ) |
| SAFE HAVEN SECURITY SERVICES, INC., | ) |
| Defendant. | ) |

### ORDER AND OPINION (1) GRANTING IN PART AND DENYING IN PART THE PARTIES' JOINT MOTION FOR APPROVAL OF NOTICE TO PUTATIVE CLASS, (2) GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR REQUESTED METHOD OF DISSEMINATION OF NOTICE, (3) DIRECTING DEFENDANT TO PRODUCE INFORMATION, AND (4) DIRECTING THE PARTIES TO FILE A PROPOSED SCHEDULING ORDER

Pending are the parties' Joint Motion for Approval of Notice to Putative Class (Doc. #44) and Plaintiff's Motion for Requested Method for Dissemination of Notice to Putative Class (Doc. #45). For the following reasons, the Court grants in part and denies in part the parties' request for approval of their joint proposed notice, and grants in part and denies in part Plaintiff's request for other methods of disseminating notice.

### I.  BACKGROUND

On September 19, 2019, the Court conditionally certified a Fair Labor Standards Act ("FLSA") collective action consisting of all current and former sales representatives who worked for Defendant at any time from September 19, 2016, to the present, at Defendant's place of business in Kansas City, Missouri, who were not properly compensated for all time worked above forty hours in a workweek. Doc. #43. The Court directed the parties to jointly or individually propose the content of the notice and consent to join form, and the manner and timing of notice.

On October 3, 2018, the parties informed the Court that they agreed on the contents of the notice and consent to join form but disagreed as to the method of disseminating the notice. Docs. #44-46. In addition to the parties' joint motion for approval of the notice (Doc. #44), Plaintiffs also filed a separate motion requesting approval of their proposal for dissemination of the notice (Doc. #45). That same day, Defendant filed its opposition to Plaintiff's motion. Doc. #46. The Court finds a reply is not necessary.

## II. DISCUSSION

### A. Content of Notice

The proposed notice represents Plaintiffs allege they were not properly paid overtime for working beyond forty-five hours in a workweek. Doc. #44-1, at 2, 3. That representation, however, is not entirely accurate. In the Complaint, Plaintiffs allege (1) they were not paid "appropriate overtime" under the FLSA; (2) they "were required to perform work in excess of forty (40) hours per week," and Defendant "failed…to compensate [them] for this time"; and (3) similarly situated employees "were required to perform work in excess of forty (40) hours per week," and Defendant failed to properly compensate them the similarly situated employees. Doc. #1, ¶¶ 1, 47-55, 61-67. Moreover, Plaintiffs sought certification of a collective action of "[a]ll current and former salespeople employees of Defendant who worked at a Missouri facility and who were not paid adequate overtime compensation at any time during the last three years." *Id.* ¶ 56; Doc. #2, at 1; Doc. #3, at 1, 7, 9-10.

The Court conditionally certified an FLSA collective action of all current and former sales representatives who worked for Defendant at any time from September 19, 2016, to the present, at Defendant's place of business in Kansas City, Missouri, who were not properly compensated for all time worked **above forty hours in a workweek**. Doc. #43 (emphasis added). The conditionally certified collective action is not limited to employees who were not properly paid overtime beyond forty-five hours worked in a workweek, as the proposed notice suggests. Thus, the proposed notice does not fairly and accurately depict the conditionally certified collective action. *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 171-72 (1989) (stating the trial court ensures

notification to putative class members is "timely, accurate, and informative…"). While Plaintiffs' deposition testimonies indicate they were properly paid for overtime worked up to and including forty-five hours, the Court's decision was not based solely on their testimonies. Accordingly, the notice must be revised, and all references to "45 hours" must be changed to "40 hours."

In addition to the foregoing revision, the following changes must also be made:

- The proposed notice refers to the relevant position as "Inside Sales Representative" and "Sales Representative." Doc. #44-1, at 2. To comply with the language of the Court's Order and avoid confusion, any reference to "Inside Sales Representative" must be revised to "Sales Representative."
- On the first page of the notice, the FLSA is referenced for the first time but not spelled out. *Id.* "FLSA" must be spelled out.
- Under "How do I join?," the putative collective action member is told he or she needs to fill out "forms." *Id.* at 4. But there is only one form the individual must execute. To avoid confusion, "forms" shall be changed to "form."
- Under "What if I do nothing?," the putative collective action member is told he or she "will not be bound by any decision on the federal overtime suit" if he or she does nothing in response to the notice. *Id.* This is the sole reference to "federal overtime suit" in the notice, and thus, may cause confusion. The notice must be revised to refer to the "FLSA lawsuit."
- "Plaintiff" on the fourth page must be changed to "plaintiffs." *Id.* at 5.
- The deadline for mailing the consent to join form shall be changed to January 6, 2020, which is ninety days after this Order is entered. *Id.* at 2.

Consistent with the foregoing changes, the Court approves the notice.

### B. Content of Consent to Join Form

The proposed consent to join form must be revised in three respects. First, similar to the proposed notice, the form indicates the individual is authorizing the filing and prosecution of his/her claims of "alleged failure to pay me overtime worked beyond 45 hours in a work week…." *Id.* at 7. The phrase "45 hours in a work week" must be changed to "40 hours in a work week," as explained *supra*. Second, the form refers to "Defendants" in the second to last sentence, but there is only one defendant. Thus, "Defendants" should be replaced with "Safe Haven." Third, the form indicates "Inside Sales Representative" is the position in which the individual worked. *Id.* at 7. As explained above, the form must be revised to reflect "Sales Representative."

### C. Dissemination of Notice

#### (1) United States Mail

The parties agree the notice should be sent via United States mail within fourteen days of the Court approving the notice plan, and the putative class members will have ninety[1] days from the date of this Order to return the consent to join form. However, the parties' agreement ends there. Defendant contends if a mailed notice is returned as undeliverable, its counsel will provide other identifying information for the individual (e.g., telephone number or social security number) so that Plaintiff's counsel can run a "skip trace." Plaintiffs argue Defendant should be required to provide the driver's license number for each individual along with the individual's name, address, dates of employment, etc., so that counsel can utilize that information to find a valid address.

Upon receipt of an undeliverable mailed notice, Plaintiffs' counsel shall notify Defendant's counsel of the undeliverable notice. Defendant's counsel shall provide the individual's social security number to Plaintiffs' counsel. Upon locating an alternative address, Plaintiffs' counsel shall mail a second notice to the individual. An individual to whom a second notice must be mailed will have ninety days from the date of this Order to submit his or her consent to join form.

#### (1) Email

The parties dispute whether the notice should also be sent via email. Defendant argues emailing the notice is unjustified because there is no reason to suspect mail will be ineffective, and there is no reason to suspect email will be more effective. However, this Court has found "email provides an efficient and cost-effective means of disseminating notice documents and has been endorsed by courts in the past." *Rhodes v. Truman Med. Ctr., Inc.*, No. 13-CV-990-NKL, 2014 WL 4722285, at *5 (W.D. Mo. Sept. 23, 2014) (citation omitted). Also, the Federal Rules of Civil Procedure state, "notice may be by one or more of the following: United States mail, electronic means, or other appropriate means." Fed. R. Civ. P. 23(c)(2)(B). The Court finds email provides

---

[1] Defendant argues the timeframe should be reduced to sixty days if the Court permits other delivery methods of the notice. Doc. #46, at 1. The Court declines to reduce the timeframe.

an efficient means to notify putative collective action members of this matter, and the use of email is justified here.

While Plaintiffs agree to send emails to former employees, they want Defendant's human resources professionals to email the notice to current employees. Plaintiffs provide no legal authority to support their position. Defendant opposes the request, arguing it would be unduly burdensome for it to have to expend its financial resources and use its personnel to deliver the notice; it would be intrusive and cause disruption in the workplace; and it would likely require it to train its managers to address any questions arising from the notice. Defendant also wants to avoid its current sales representatives believing Defendant is responsible for the submission of their consent to join forms. The Court agrees with Defendant that its employees should not send the notice to current employees via email.

Plaintiffs will be permitted to send the notice via email to the putative collective action members with the following limitations. First, Plaintiffs may email the notice by no later than twenty-eight days after the date of this Order. Second, Plaintiffs may email the notice a second time only to those putative collective action members from whom they have not received executed consent to join forms by no earlier than forty-five days before the notice period closes. Third, the email shall communicate only the information included in the Court-approved notice and should attach a copy of the notice and the consent to join form. Fourth, Plaintiffs shall not email the notice to putative collective action members' Safe Haven business email accounts.

### (2) Breakroom Posting

The parties dispute whether the notice should be posted in Defendant's breakroom. Plaintiffs ask that the notice be posted in the breakroom at Defendant's Kansas City facility next to or near the workers' compensation poster and other state and federal required postings, and the notice remain posted until the opt-in period expires. Defendant opposes Plaintiffs' request, arguing there is no justification for posting additional notice.

Courts, including this one, have routinely approved requests to post notice in a common area or on an employee bulletin board, even if an alternative form of notice is

also approved. *Larson v. Isle of Capri Casinos, Inc.*, No. 16-CV-902-ODS, 2018 WL 6495074, at *18 (W.D. Mo. Dec. 10, 2018) (directing the employer to "post the approved notice in conspicuous locations where potential collective action members will see the notice" until the opt-in period expires); *Rhodes*, 2014 WL 4722285, at *5; *see also Shanks v. St. Louis Cty.*, No. 14CV1599, 2016 WL 659103, at *3 (E.D. Mo. Feb. 18, 2016); *Putman v. Galaxy 1 Mktg., Inc.*, 276 F.R.D. 264, 277 (S.D. Iowa 2011) (citations omitted); *Beasely v. GC Servs. LP*, 270 F.R.D. 442, 445 (E.D. Mo. 2010).

The Court overrules Defendant's objection to posting the notice in the workplace. Within fourteen days of the date of this Order, Defendant shall post the notice in a conspicuous location where potential collective action members will see it. The notice shall remain posted until the opt-in period expires.

### (3) Telephone

Plaintiffs seek permission to contact putative class members by telephone if they have not received a communication from a putative class member within thirty days of the notice being mailed. Plaintiffs argue they should also be permitted to contact the putative class members via telephone to gather information to support their case. Defendant objects to Plaintiffs' request, arguing there is no means to monitor the communication's content, they cannot ensure the collective action mechanism is used appropriately, they cannot verify calls are not solicitations, and if calls are made after notice has been received, the calls could be viewed as harassment.

The Court understands and appreciates the parties' views and competing interests. It is also aware of the parties' ability to prosecute their claims and defend against the claims. In all likelihood, Plaintiffs are gathering information on their own about the putative collective action members. Regardless, the parties know the scope of discovery encompasses "any nonprivileged matter that is relevant to any party's claim or defense…" Fed. R. Civ. P. 26(b)(1). Further, parties are obligated to provide the name, address, and telephone number of "each individual likely to have discoverable information." Fed. R. Civ. P. 26(a)(1)(A)(i). Each putative collective action member is likely to have discoverable information. Thus, it stands to reason that each putative collective action members' name, address, and telephone number should be disclosed.

The Court permits Plaintiffs' counsel (and counsel's staff members) to contact putative collective action members via telephone no earlier than thirty days after the date of this Order. Plaintiffs' counsel (and counsel's staff members) are prohibited from contacting any putative collective action member currently employed by Defendant on their work telephone number. Plaintiffs' counsel (and counsel's staff members) must honor any putative collective action member's request to cease calling. Finally, Plaintiffs' counsel (and counsel's staff members) must be mindful of their obligations under the Rules of Professional Responsibility as well as limitations set forth by federal and state statutes.

### D. Information to Be Produced to Plaintiffs' Counsel

Defendant already provided a list of the names of all putative class members, their last known addresses, position, and dates of employment. Plaintiffs ask for last known telephone numbers, personal and business email addresses, and drivers' license numbers for each putative class member. Based upon the Court's rulings above, Defendant shall produce to Plaintiffs' counsel a computer readable data file (e.g., MS Word document, Excel file) containing the name, last known address, dates of employment, last known phone number, and last known personal e-mail addresses for each current and former employee falling within the collective action definition. The data file must be produced by <u>no later than October 18, 2019</u>. The Court denies Plaintiffs' request for business email addresses and driver's license numbers.

### E. Proposed Scheduling Order

The Interim Scheduling Order directed the parties to file an updated joint proposed scheduling order within twenty-one days of the Court's certification decision. Doc. #21, at 2. The Court issued its decision on September 19, 2019, and as a result, the parties' deadline falls on October 10, 2019. Because notice was not decided in the prior order, the Court continues the deadline for the parties' joint proposed scheduling to <u>October 18, 2019</u>. The parties are urged to review the undersigned's Procedures for Proposed Scheduling Orders and the standard Civil Scheduling and Trial Order, which are located at https://www.mow.uscourts.gov/judges/smith.

In proposing a scheduling order, the parties should be mindful that they have already engaged in more than six months of discovery, which is the typical length of time for discovery afforded by the Court. Because the parties will have yet another three months to conduct discovery while the notice is disseminated, the Court is not inclined to allow discovery past January 2020.

## III. CONCLUSION

For the foregoing reasons, the parties' motions are granted in part and denied in part. Notice shall be disseminated in conformity with this Order. Defendant shall produce the specified information by no later than October 18, 2019. The parties shall file their proposed scheduling and trial order by no later than October 18, 2019.

IT IS SO ORDERED.

DATED: October 8, 2019

   /s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT