IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

ISAIAH MARTIN, et al., o/b/o          )
themselves and all others similarly   )
situated,                             )
                                      )
              Plaintiffs,             )       Case No. 19-00063-CV-W-ODS
                                      )
vs.                                   )
                                      )
SAFE HAVEN SECURITY                   )
SERVICES, INC.,                       )
                                      )
              Defendant.              )

<u>ORDER AND OPINION (1) DENYING PLAINTIFFS' MOTION FOR SANCTIONS,
AND (2) DIRECTING THE PARTIES TO FILE A JOINT PROPOSED PLAN
ADDRESSING THE OUTSTANDING INFORMATION AND CELL PHONE RECORDS</u>

        Pending is Plaintiffs' Motion for Sanctions.  Doc. #95.  For the following reasons,
Plaintiffs' motion is denied, and the parties are directed to file a joint proposed plan
addressing the outstanding information and cell phone records by no later than April 24,
2020.


                        I.      <u>BACKGROUND</u>

        In April 2019, the Court conditionally certified this Fair Labor Standards Act
("FLSA") collective action, which includes "all current and former sales representatives
who worked for Defendant at any time from September 19, 2016, to the present, at
Defendant's place of business in Kansas City, Missouri, who were not properly
compensated for all time worked in excess of forty hours in a workweek."  Doc. #17.  At
Defendant's request, the Court held a discovery telephone conference in early February
2020, after which it directed the parties to complete certain discovery.  Doc. #79.
Relevant to the pending motion, the Court ordered the following:

        Defendant's employees who supervised any Plaintiff…from September 19,
        2016, to the present, shall execute a release and waiver of confidentiality
        that authorizes Plaintiffs' counsel to obtain cell phone records of each
        personal (non-company issued) cell phone used by the supervisor to
        communicate with any Plaintiff outside of scheduled work hours during

> Plaintiff's employment with Defendant. The executed releases shall be
> provided to Plaintiffs' counsel by <u>no later than February 28, 2020</u>.

*Id.* at 2-3. The Court also directed Defendant, if it had not done so, to produce "the cell phone records of each supervisor's company-issued cell phone used to communicate with any Plaintiff outside of scheduled work hours during Plaintiff's employment" by February 28, 2020. *Id.* at 3. In the same Order, the Court extended the discovery deadline to June 30, 2020. *Id.* at 4.

On March 6, 2020, Plaintiffs moved for sanctions against Defendant. Doc. #95. They argue Defendant failed to comply with the Court's Order, and instead, produced twelve supervisors' declarations "declin[ing] to provide [an] authorization" permitting Defendant or "anyone else to obtain…cell phone records." Doc. #95-1. The reasons for declining to execute a release includes privacy concerns, "no thank you," and "not necessary." *Id.* Plaintiffs contend supervisors' cell phone records "are essential to show" Defendant "routinely required Plaintiffs to perform work 'off the clock'" without compensation. Doc. #95, at 3. Plaintiffs maintain Defendant has "willfully disregarded" the Court's Order. *Id.* Plaintiffs ask the Court to sanction Defendant by prohibiting it from advancing its defense that Plaintiffs did not perform work "off the clock" for which they were not compensated and ordering Defendant to pay Plaintiffs' attorneys' fees associated with filing the motion for sanctions. *Id.* at 3-4.

Defendant opposes Plaintiffs' motion. Doc. #99. First, it argues Plaintiffs failed to confer with Defendant before filing their motion.[1] Thus, Defendant did not have an opportunity to explain it does not own, operate, or contribute to the maintenance of supervisors' personal cell phones, and the supervisors are not parties to this lawsuit. Second, Defendant maintains it acted in good faith and "took all reasonable steps possible to comply" with the Court's Order. Doc. #99, at 7. Although Defendant notified the supervisors of the Court's Order directing them to execute authorizations, they "were adamantly opposed to providing anyone access to their personal cell phone records." *Id.* at 3-4. For those refusing to execute a release, the supervisor provided a

---

[1] Defendant also argues Plaintiff failed to raise this discovery dispute until the discovery teleconference with the Court. Pursuant to Local Rule 37.1, Plaintiffs should have discussed the discovery dispute with Defendant before raising it with the Court.

declaration with his/her name, date of birth, cell phone number, and cell phone provider. Doc. #95-1; Doc. #99, at 4-5, 7-8.[2] Third, Defendant argues Plaintiffs have not been prejudiced because they obtained the information sought, and the phone records are equally available to both parties. *Id.* at 8-9. Finally, Defendant surmises Plaintiffs filed their motion as retaliation. Both parties seek attorneys' fees for briefing this matter.

## II.    STANDARD

If a party fails to obey a discovery order, this Court "may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Sanctions may include, but are not limited to, prohibiting a party from supporting her claims, designating facts as established, striking pleadings, and dismissing the action. Fed. R. Civ. P. 37(b)(2)(A). The sanction imposed "must be proportionate to the litigant's transgression." *Bergstrom v. Frascone*, 744 F.3d 571, 574-75 (8th Cir. 2014).

In addition to the Court's authority to issue sanctions pursuant to Rule 37, "[f]ederal courts possess certain "inherent powers," not conferred by rule or statute, "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (citation omitted); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citations omitted). The Court's authority "includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co.*, 137 S. Ct. at 1186 (internal quotation and citation omitted).

## III.    DISCUSSION

### A.    Meet and Confer

Defendant argues Plaintiffs' motion should be denied because they did not meet and confer before filing the motion. Plaintiffs maintain their motion is premised on a court order, not a discovery dispute, and there was no meet and confer requirement. While Rule 37(b) did not require Plaintiffs to confer with Defendant before filing a motion for sanctions, the Court's February 4, 2020 Order stated, "The Court expects the parties

---

[2] Paige Youngstrom's declaration is missing a cell phone number, and Hilary Umbles's declaration does not identify her cell phone provider.

to work together and agree upon a release for cell phone records." Doc. #79, at 3. But Plaintiffs did not contact Defendant to discuss the release of cell phone records before filing their motion for sanctions. By failing to do so, Plaintiffs did not comply with the Court's Order. Had they done so, Plaintiffs' motion may have been unnecessary.

## B.    Defendant's Response to the Court's Order

Plaintiffs argue Defendant willfully disregarded the Court's February 5, 2020 Order. Defendant claims it acted in good faith and "took all reasonable steps possible to comply" with the Court's Order. In response to the Court's Order, Defendant produced twelve supervisors' declarations wherein they refused to comply with the Court's Order. Doc. #95-1. No explanation is provided about the remaining thirteen supervisors who did not execute a declaration or, presumably, did not execute a release for their cell phone records. Nevertheless, at no time did Defendant ask the Court to be discharged from its obligation to comply with the February 4, 2020 Order. And there is no indication that Defendant communicated with Plaintiffs about the supervisors' refusal to comply with the Order. Both avenues would have been more reasonable and a better use of the parties' and Court's time than producing declarations refusing to comply with the Court's Order. While the record does not evince willful disregard, as Plaintiffs argue, the record establishes Defendant and its supervisors did not obey the Court's February 4, 2020 Order. Fed. R. Civ. P. 37(b)(2)(A) ("If a party or a party's… managing agent…fail to obey an order to provide or permit discovery…, the court…may issue further just orders."). Contrary to the Court's Order, Defendant did not produce executed authorizations for cell phone records.[3]

## C.    Blameworthiness, Assumptions, and Presumptions

If not clear from the foregoing, each party blames the other for the pending motion. Plaintiffs argue Defendant willfully disregarded the Court's Order and did not

---

[3] Defendant suggests Plaintiffs, armed with the information in the declarations, now can subpoena supervisors' cell phone records. This suggestion ignores the supervisors' privacy concerns, and more importantly, ignores the Court's Order. Had the Court intended on Plaintiffs subpoenaing these records, it would have planned accordingly in its February 4, 2020 Order.

act in good faith. Defendant maintains Plaintiffs failed to confer with Defendant before filing their motion. Although the Court directed the supervisors to execute releases for their cell phone records, Defendant assumes Plaintiffs knew Defendant could not have done anything more than what it did to obtain the executed authorizations. And Defendant presumes Plaintiffs filed the motion "in retaliation for [Defendant]'s continued good faith satisfaction of its obligations and for [Defendant] notifying the Court about Plaintiff's counsel's dilatory efforts to prosecute this case." Doc. #99, at 10.

Both parties are responsible for the discovery dispute and pending motion. While there may be several reasons why this dispute remains, the primary culprit is the parties' failure to communicate. The Court is also concerned with the parties' and their counsel's failure to abide by the Kansas City Metropolitan Bar Association's Principles of Civility. Doc. #7, at 4. "Civility and professionalism among all lawyers is essential to the operation of our legal system." *Id.* Accordingly, the Court requires parties and their counsel to "communicate professionally and respectfully," "seek sanctions only when supported by the facts and law and such action is necessary for the protection of the client," and "avoid unfounded and unreasonable attacks on other lawyers." *Id.* (emphasis added). If it was not clear at the outset of this case, the Court expects the parties and their counsel to abide by these principles.

### D.    Cell Phone Information and Cell Phone Records

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…" Fed. R. Civ. P. 26(b)(1). Discovery must be "proportional to the needs of the case, considering the importance of the issues at stake…, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense…outweighs its likely benefit." *Id.* Plaintiffs allege they were not properly compensated for working off the clock, which included communicating with supervisors. Doc. #1, ¶¶ 1-2, 7, 26-28, 30, 32-33, 47-73; Doc. #42, at 11, 15. Undoubtedly, Plaintiffs' and their supervisors' cell phone information and cell phone records are relevant to Plaintiffs' claims and are likely relevant to Defendant's defenses

as well.  And neither side has argued the records are privileged.  Accordingly, the cell phone records are discoverable.

Before issuing its February 4, 2020 Order, the Court considered the Rule 26(b)(1) factors.  That is why the Court directed (1) Plaintiffs who had not produced cell phone records to execute a release authorizing Defendant's counsel to obtain Plaintiffs' cell phone records with Defendant paying the cost of obtaining the records; and (2) Plaintiffs' supervisors to execute a release authorizing Plaintiffs' counsel to obtain cell phone records with Plaintiffs paying the cost of obtaining these records.

If all of Plaintiffs' cell phone records have been or can be obtained and all supervisors' work and cell phone numbers have been identified, Plaintiffs have not identified (and the Court sees no reason) why supervisors' cell phone records must also be obtained.  However, as the Court understands the issue, supervisors' cell phone records become necessary if (1) some Plaintiffs' cell phone records cannot be obtained in whole or in part, or (2) supervisors have not identified all their cell phone numbers and work phone numbers.  At this juncture, it is unclear if any Plaintiff's cell phone records cannot be obtained in whole or in part.  Depending on the cell phone carrier and the relevant time period, some of Plaintiffs' cell phone records may not be available.  Additionally, at least one supervisor did not provide her cell phone number, and therefore, Plaintiffs are unable to search for communications with that supervisor on Plaintiffs' cell phone records.  Finally, whether the remaining thirteen supervisors have provided the necessary phone information, produced cell phone records, or executed releases for their cell phone records is unknown.

Although the necessary information and cell phone records could have (and should have) been obtained before now,[4] the information and records must be obtained

_____

[4] This discovery issue could have been avoided or addressed several months ago.  In its initial disclosures, Defendant could (if not, should) have provided, at a minimum, the current or last known phone number for each individual who supervised the then-named Plaintiffs, and as Plaintiffs joined, Defendant's initial disclosures would have been supplemented to include the newly added Plaintiffs' supervisors' phone numbers.  While these disclosures would not have provided all information necessary to avoid this discovery dispute (i.e., previous cell and/or work phone numbers), at least some of the information would have been provided.  In addition, at any point in time, Plaintiffs could have obtained their own cell phone records.  When discovery commenced, Plaintiffs

within the next two and one-half months left to conduct discovery.  Neither party suggests how to accomplish this feat.  Because the Court has not been provided with all relevant information, it is hesitant to issue an additional order on this dispute without additional information and the parties' input.

Accordingly, the parties are directed to meet and confer in good faith to formulate their joint proposed plan on how the necessary information and cell phone records will be obtained.  By no later than April 24, 2020, the parties shall file their joint proposal (as a "Notice of Filing" on ECF) that details (1) what information and cell phone records remain outstanding, (2) how the outstanding information and cell phone records will be obtained, (3) each party's responsibilities in obtaining and producing the outstanding information and cell phone records, (4) deadlines for the parties to fulfill their responsibilities, and (5) which party (or parties) will pay the cost or expense associated with obtaining cell phone records.  The parties are encouraged to consider alternative and the most efficient avenues for obtaining the information and records.  The parties' joint proposal must take into consideration that discovery will close on June 30, 2020.  The Court will not extend this deadline.

IV.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' Motion for Sanctions is denied.  By no later than April 24, 2020, the parties shall file their joint proposed plan on obtaining the information and cell phone records discussed in this order.

IT IS SO ORDERED.

                                                  <u>   /s/ Ortrie D. Smith             </u>
DATED:  April 17, 2020                        ORTRIE D. SMITH, SENIOR JUDGE
                                                  UNITED STATES DISTRICT COURT

---

could have propounded an interrogatory asking Defendant to identify all cell phone numbers for Plaintiffs' supervisors.  Finally, had the parties complied with the Court's February 4, 2020 Order, the information and records could have been obtained by now.